**United States District Court
for the Northern District of Texas**

<u>Fort Worth</u> Division

United States of America,
   *Plaintiff*,

v.

<u>Aaron McMahan</u>,
   *Defendant*.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 4 2014
CLERK, U.S. DISTRICT COURT
By _____
    Deputy

<u>Fort Worth Federal Corrections Institute</u>
Place of Confinement

<u>47981-177</u>
Prisoner ID Number

<u>4:14-CR-106-A(01)</u>
Criminal Case Number

### Defendant's Motion and Questionnaire for Reduction of Sentence
### Pursuant to 18 U.S.C. § 3582(c)

---

### Instructions - Read Carefully

1. This form motion should only be used when requesting that your sentence be reduced based upon Amendment 782 to USSG § 1B1.10 which is effective November 1, 2014. The Amendment reduces the base offense level in the drug quantity tables at USSG §§ 2D1.1 and 2D1.11 and retroactively applies to cases sentenced prior to November 1, 2014.

2. This motion must be legibly handwritten or typewritten. All questions must be briefly answered in the proper space on the form.

3. When the motion is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court for the Northern District of Texas at the appropriate divisional office, whose address is:

<u>Abilene Division</u>
P.O. Box 1218
Abilene, TX 79604

<u>Amarillo Division</u>
205 E. 5th
Amarillo, TX 79101

<u>Dallas Division</u>
1100 Commerce, Rm 14A20
Dallas, TX 75242

<u>Fort Worth Division</u>
501 W. 10th Street
Fort Worth, TX 76102

<u>Lubbock Division</u>
1205 Texas Ave., #C209
Lubbock, TX 79401

<u>San Angelo Division</u>
33 East Twohig
San Angelo, TX 76903

<u>Wichita Falls Division</u>
P.O. Box 1234
Wichita Falls, TX 76307

Page 1 of 4

4. Questionnaires that do not follow these instructions will be returned, and the mistake will be identified.

### Questionnaire

1. Name and location of court that entered the sentence that you are asking to reduce:

   U.S. District Court Northern District of Texas (Fort Worth)

2. Date(s) of sentence and judgment of conviction:

   9/19/2014    BOP for 188 months; SR 4 years

3. Are you currently in prison for this sentence?

   ✓ Yes ____ No

4. If so, when is your projected date of release?

   I haven't been given one yet.

5. Some programs offered by the Bureau of Prisons (BOP), can reduce the length of time you would spend in custody. An example of one of these programs is completion of the Residential Drug Abuse Program. Are you participating in one of these programs and, if so, when will you complete the program?

   I'm not yet, but I will take the RDAP in the future

6. Are you currently on supervised release?  ____ Yes  ✓ No

7. Are you currently in prison because you violated your supervised release?

   ____ Yes  ✓ No

8. Is your case currently on appeal? ____ Yes  ✓ No

9. Offense(s) for which you were convicted (all counts):

   21 USC 846 (21 USC § 841(a)(1) and (b)(1)(B))
   Conspiracy to Possess with Intent to Distribute
   a Controlled Substance (1)

Page 2 of 4

10. Did your offense of conviction involve manufacture, distribution, dispensing, or possession with intent to manufacture, distribute, or dispense, a controlled substance?

    ✓ Yes _____ No _____ Don't know

11. In calculating the applicable sentencing guideline range, did the Court refer to the offense levels for controlled substances found in the drug quantity table of section 2D1.1(c) of the United States Sentencing Guidelines?

    ✓ Yes _____ No _____ Don't know

12. Was your sentence based on an agreement with the Government for a specific sentence?

    _____ Yes ✓ No _____ Don't know

13. List any good conduct that occurred after your original sentencing hearing that you would like the Court to know in deciding whether you should receive a sentence reduction (for example, participating in a drug treatment program, or completing your GED or another degree).

    I Just Got Sentenced, but I Do plan on Taking a Drug Treatment Program and as many Classes and Trades a possible To help Better my self.

Page 3 of 4

I pray that the Court grant me relief to which I may be entitled in this proceeding.

Respectfully submitted this \_\_\_November 1\_\_\_, 2014.

_____/s/ Aaron McMahan_____
Signature of Defendant

\_\_\_Aaron McMahan\_\_\_
Printed Name

\_\_\_47981-177\_\_\_
BOP No.

\_\_\_Fort Worth\_\_\_
Federal Correctional Institution (if applicable)

\_\_\_3150 Horton Rd.\_\_\_
Address

\_\_\_Fort Worth, TX. 76119\_\_\_
City, State & Zip Code

Page 4 of 4

Aaron McMahan #47981-177
Federal Corrections Institute/Ft. Worth
P.O. Box 15330
Fort Worth, TX. 76119

[Legal Mail]

⇔47981-177⇔
Us District Clerk
501 W 10TH ST
Fort Worth Division
Fort Worth, TX 76102
United States

2014 NOV -4  PM 2:07



# United States District Court

Northern District of Texas
Fort Worth Division

```
NORTHERN DISTRICT OF TEXAS
FILED
SEP 19 2014
CLERK, U.S. DISTRICT COURT
By_____
     Deputy
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | Case Number: 4:14-CR-106-A(01) |
| AARON MCMAHAN | § | |

## JUDGMENT IN A CRIMINAL CASE

The government was represented by Assistant United States Attorney John Bradford. The defendant, AARON MCMAHAN, was represented by Dimitri Dube.

The defendant pleaded guilty on May 30, 2014 to the one count indictment filed on May 14, 2014. Accordingly, the court ORDERS that the defendant be, and is hereby, adjudged guilty of such count involving the following offense:

| Title & Section / Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 21 U.S.C. § 846 (21 U.S.C. § 841(a)(1) and (b)(1)(B))<br>Conspiracy To Possess With Intent To Distribute A Controlled Substance | 03/05/2014 | 1 |

As pronounced and imposed on September 19, 2014, the defendant is sentenced as provided in the judgment.

The court ORDERS that the defendant immediately pay to the United States, through the Clerk of this Court, a special assessment of $100.00.

The court further ORDERS that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence address, or mailing address, as set forth below, until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court, through the clerk of this court, and the Attorney General, through the United States Attorney for this district, of any material change in the defendant's economic circumstances.

## IMPRISONMENT

The court further ORDERS that the defendant be, and is hereby, committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 188 months.

The court recommends to the Bureau of Prisons that defendant be allowed to participate in the Institution Residential Drug Abuse Treatment Program. The Bureau of Prisons to notify the court if the defendant cannot participate in the Institution Residential Drug Abuse Treatment Program, and is to give the court an explanation of why the defendant cannot participate.

The defendant is remanded to the custody of the United States Marshal.

1

## SUPERVISED RELEASE

The court further ORDERS that, upon release from imprisonment, the defendant shall be on supervised release for a term of four (4) years and that while on supervised release, the defendant shall comply with the following conditions:

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not possess illegal controlled substances.

3. The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer, as authorized by the Justice for All Act of 2004.

4. The defendant shall refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill.

5. The defendant shall also comply with the Standard Conditions of Supervision as hereinafter set forth.

### Standard Conditions of Supervision

1. The defendant shall report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

3. The defendant shall provide to the U.S. Probation Officer any requested financial information.

4. The defendant shall not leave the judicial district without the permission of the Court or U.S. Probation Officer.

5. The defendant shall report to the U.S. Probation Officer as directed by the court or U.S. Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month.

6. The defendant shall answer truthfully all inquiries by the U.S. Probation Officer and follow the instructions of the U.S. Probation Officer.

7. The defendant shall support his or her dependents and meet other family responsibilities.

8. The defendant shall work regularly at a lawful occupation unless excused by the U.S. Probation Officer for schooling, training, or other acceptable reasons.

9. The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment.

10. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

11. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the U.S. Probation Officer.

13. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the U.S. Probation Officer.

14. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

15. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

The court hereby directs the probation officer to provide defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, as contemplated and required by 18 U.S.C. § 3583(f).

## FINE

The court did not order a fine because the defendant does not have the financial resource or future earning capacity to pay a fine.

## STATEMENT OF REASONS

The "Statement of Reasons" and personal information about the defendant are set forth on the attachment to this judgment.

Signed this the 19th day of September, 2014.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

3

RETURN

I have executed the imprisonment part of this Judgment as follows:

_____
_____
_____

Defendant delivered on _____, 2014 to _____
at _____, with a certified copy of this Judgment.


                    United States Marshal for the
                    Northern District of Texas

                    By _____
                          Deputy United States Marshal