# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10255

United States Court of Appeals
Fifth Circuit
**FILED**
October 5, 2017
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff–Appellee,

v.

AARON MCMAHAN,

　　　　Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, CLEMENT, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

　　Aaron McMahan appeals the district court's denial of the Government's Federal Rule of Criminal Procedure 35(b) motion for reduction of his sentence. McMahan contends that he was entitled to notice and an opportunity to be heard in his Rule 35(b) proceeding prior to the district court's order. This is an issue of first impression in this Court. Because we hold that Rule 35(b) has no notice and hearing requirement, we AFFIRM the district court's order.

## I. BACKGROUND

　　On May 30, 2014, McMahan pleaded guilty to conspiracy to possess with intent to distribute a controlled substance. The district court sentenced McMahan to 188 months imprisonment and four years of supervised release,

Case: 16-10255   Document: 00514214026   Page: 2   Date Filed: 10/27/2017
Case 4:14-cr-00106-A   Document 62   Filed 10/30/17   Page 2 of 7   PageID 212

No. 16-10255

which was later reduced to 151 months imprisonment. While in custody, McMahan assisted the Government by providing relevant information related to the prosecution of another drug trafficker. The Government did not file a motion for downward departure under United States Sentencing Guideline § 5K1.1 because the information McMahan provided did not lead to an arrest or prosecution at the time he was sentenced.

Over six months after McMahan was sentenced, the other drug trafficker was sentenced based on information McMahan had provided. On February 24, 2016, the Government filed a post-sentence Rule 35(b) motion for a reduction in McMahan's sentence based on his substantial assistance in the investigation and prosecution of the other individual. Two days later, the district court denied the Government's motion—before McMahan had received notice or had an opportunity to respond—explaining "even if the court were to accept as accurate all allegations of fact alleged in such motion, the court would not be persuaded that the sentence imposed on McMahan . . . should be reduced." McMahan timely filed a notice of appeal. He argues that the district court erred by denying the Government's motion without first providing him notice and an opportunity to be heard.

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3742(a)(1), we have jurisdiction over appeals of Rule 35(b) orders "imposed in violation of law." 18 U.S.C. § 3742(a)(1); *see United States v. Lightfoot*, 724 F.3d 593, 595 (5th Cir. 2013). We review questions of law underlying a district court's sentencing decision de novo. *See Lightfoot*, 724 F.3d at 597; *United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007).

Rule 35(b) provides that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting

2

another person." Fed. R. Crim. P. 35(b)(1). The government is under no obligation to file a Rule 35(b) motion, and if it does, "the sentencing court is not bound by the government's recommendation on whether or how much to depart but must exercise its independent discretion." *Grant*, 493 F.3d at 467 (citing *United States v. Johnson*, 33 F.3d 8, 9 (5th Cir. 1994)); *see also* Fed. R. Crim. P. 35(b)(1)–(2). On its face, Rule 35(b) contains no right to notice and a hearing. *See* Fed. R. Crim. P. 35(b).

McMahan argues on appeal that the district court erred by denying the Government's Rule 35(b) motion to reduce his sentence without first providing McMahan with notice and an opportunity to be heard. In support of his argument, he asserts that this Court should recognize the rule, laid out in *United States v. Gangi*, 45 F.3d 28 (2d Cir. 1995), that a district court commits reversible error if it does not provide a defendant notice and an opportunity to be heard before ruling upon a Rule 35(b) motion.

In *Gangi*, the Second Circuit considered an appeal from a district court's order denying the government's Rule 35(b) motion for reduction of Gangi's sentence in light of his investigative assistance. 45 F.3d at 29. The court faced the same question presented here: "[W]hether a district court may deny a Rule 35(b) motion without affording the defendant an opportunity to be heard." *Id.* In its analysis, the Second Circuit drew upon Rule 35(b)'s relationship and similarity to § 5K1.1, its "pre-sentencing counterpart," finding it persuasive that Rule 35(b) and § 5K1.1 had similarities in language and function[1] and

---

[1] Like Rule 35(b), § 5K1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1; *see also Gangi*, 45 F.3d at 30 ("[U]nder both provisions 'substantial assistance' is the only basis for leniency. The only practical difference between Rule 35(b) and U.S.S.G. § 5K1.1 is a matter of timing: The latter is based on substantial assistance before sentencing while the former is based on substantial assistance after sentencing.").

3

Case: 16-10255   Document: 00514214026   Page: 4   Date Filed: 10/27/2017
Case 4:14-cr-00106-A   Document 62   Filed 10/30/17   Page 4 of 7   PageID 214

No. 16-10255

that Rule 35(b) contained the instruction that post-sentencing reduction decisions be made "in accordance with the guidelines and policy statements issued by the Sentencing Commission." *Id.* at 30. Given this, the Second Circuit found it appropriate to interpret Rule 35(b) in light of the procedural requirements of § 5K1.1.[2] *Id.* at 30–31. The court ultimately held that, in accordance with its reading of § 5K1.1, Rule 35(b) requires the defendant have an opportunity to respond. *Id.* at 31–32.

This Court, however, declines to extend *Gangi*'s reach to our Circuit. First, *Gangi* was based on a version of Rule 35(b) that no longer exists. Thus the main textual hook for tying Rule 35 and § 5K1.1 together is gone. At the time *Gangi* was decided, the text of Rule 35(b) read:

> The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent substantial assistance in the investigation or prosecution of another person who has committed an offense, *in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.*

*Gangi*, 45 F.3d at 30 (emphasis added). In 1995, the Second Circuit relied on that instruction when it concluded that Rule 35(b)'s procedural requirements should be read consistently with that of § 5K1.1. *Id.* at 30–31. In 2007, however,

---

[2] Section 5K1.1 provides factors for the court to consider, including "1) the usefulness of the defendant's assistance; 2) the truthfulness, completeness and reliability of his information; 3) the nature and extent of his assistance; 4) the impact of assistance on the defendant and his family; and 5) the timeliness of the defendant's assistance." *Gangi*, 45 F.3d at 31; *see also* U.S.S.G. § 5K1.1. These factors and that court's case law led the Second Circuit to conclude that a "defendant must have an opportunity to respond to the government's characterization of his cooperation in a § 5K1.1 motion." *Gangi*, 45 F.3d at 31. Notably, however, an explicit instruction requiring an opportunity to respond is absent from § 5K1.1. *See* U.S.S.G. § 5K1.1.

No. 16-10255

Rule 35 was amended and the phrase "in accordance with the guidelines and policy statements issued by the Sentencing Commission" was removed. Fed. R. Crim. P. 35 advisory committee's note to 2007 amendments ("The amendment conforms Rule 35(b)(1) to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) . . . . Subdivision (b)(1)(B) has been deleted because it treats the guidelines as mandatory."). Thus, Rule 35(b) is now devoid of any textual reference to the Sentencing Guidelines, and absent such a reference, this Court will not read Rule 35(b) as requiring an application of § 5K1.1's rules. *See, e.g. Lightfoot*, 724 F.3d at 598 (finding an omission "indicative of congressional intent").

Although this Court and many others have recognized parallels between Rule 35(b) and § 5K1.1,[3] none of those cases requires this Court to adopt the reading of Rule 35(b) that McMahan suggests today. In all of those cases, the courts were commenting on the similarity between the provisions for the purpose of analyzing identical language in both provisions[4] or for the purpose

---

[3] *See Grant*, 493 F.3d at 467 n.1 ("Rule 35(b) incorporates the standards set out in § 5[K]1.1."); *United States v. Lopez*, 26 F.3d 512, 523 (5th Cir. 1994) (describing Rule 35(b) as "§ 5K1.1's post-sentencing analog"); *United States v. Mulero-Algarin*, 535 F.3d 34, 38 (1st Cir. 2008) ("In charting the contours of substantial assistance under Rule 35(b), courts have consistently looked to the virtually identical language contained in [U.S.S.G.] § 5K1.1 (providing criteria for presentence 'substantial assistance' departure in calculating a defendant's guideline sentencing range)."); *United States v. Perez*, 955 F.2d 34, 35 (10th Cir. 1992) ("Because of their overlapping subject matter and similarities in language, it is instructive to examine and compare U.S.S.G. § 5K1.1 (policy statement) and 18 U.S.C. § 3553(e) (1998) when interpreting Rule 35(b)."); *United States v. Doe*, 940 F.2d 199, 203 n.7 (7th Cir. 1991) ("Throughout our opinion, we cite precedent construing Rule 35(b), § 3553(e), and Federal Sentencing Guidelines § 5K1.1 (permitting a district court to depart from the Sentencing Guidelines for substantial assistance) interchangeably. We do this because the language of all three provisions is parallel.").

[4] In *Grant*, 493 F.3d at 467, and *Mulero-Algarin*, 535 F.3d at 38–39, for instance, the courts relied on the identical language in Rule 35(b) and § 5K1.1 to interpret the discretion the government has to file a motion for a sentence reduction. In *Perez*, the court noted the identical language between the two provisions, as well as § 3553(e) for the purpose of interpreting Rule 35(b)'s "on motion of the Government" language. 955 F.2d at 35. In *Doe*, the defendant was similarly asking the district court to compel the government to file a Rule 35(b) motion. 940 F.2d at 202.

of explaining the timing of options available when a defendant provides substantial assistance.[5] None of those cases applied additional and different language from § 5K1.1 to Rule 35(b). In fact, no other circuit besides the Second Circuit has found that § 5K1.1 compels a reading of Rule 35(b) to require a right to be heard.

Finally, the Government argues that adopting a notice and hearing requirement in Rule 35(b) motions would "create tension with the authority recognizing that a defendant possesses many more rights during the sentencing phase of criminal proceedings than during post-sentencing proceedings." This argument is persuasive; a defendant does possess fewer rights during post-sentencing proceedings. Indeed, Federal Rule of Criminal Procedure 43(b) provides, "[a] defendant need not be present . . . [where t]he proceeding involves the correction or reduction of sentence under Rule 35 . . . ." Fed. R. Crim. P. 43(b)(4). Further, a defendant does not have a right to counsel during Rule 35(b) sentence reduction proceedings. *United States v. Palomo*, 80 F.3d 138, 139 (5th Cir. 1996). Thus, a notice and hearing requirement for Rule 35(b) motions would be in conflict with Rule 43 and this Court's previous decisions that the attendant rights of presence and counsel do not exist at that post-sentencing stage.

For these reasons, this Court declines to apply the reasoning of *Gangi* and rejects McMahan's invitation to read Rule 35(b) as having a notice and hearing requirement. The district court did not err by ruling on the Government's Rule 35(b) motion before the defendant responded.

As an additional matter, McMahan argues that the district court's failure to provide notice and an opportunity to be heard before rendering its Rule 35(b) decision violated his due process rights. McMahan does not

---

[5] *See Lopez*, 26 F.3d at 523.

No. 16-10255

explicitly elaborate on his constitutional argument, however, and thus this Court need not decide that issue.[6] *See, e.g., United States v. Maldonado*, 42 F.3d 906, 910 n.7 (5th Cir. 1995); *see also* Fed. R. App. P. 28(a)(8). Further, many of the constitutional rights afforded to criminal defendants are not present in Rule 35(b) proceedings because of the Rule's discretionary nature and the fact that a defendant faces no new threat of loss of liberty. Indeed, a Rule 35(b) motion can only serve to reduce a defendant's sentence for their assistance in other investigations. *See Grant*, 493 F.3d at 468 (finding no due process violation for failure to file a Rule 35(b) motion); *Palomo*, 80 F.3d at 142 (concluding that no Sixth Amendment or due process right to counsel attaches at the Rule 35(b) stage). Accordingly, we reject McMahan's due process argument.

## III. CONCLUSION

For the foregoing reasons, we hold that Rule 35(b) does not have a notice and hearing requirement. We therefore AFFIRM the district court's order denying the Government's Rule 35(b) motion.

---

[6] Moreover, McMahan does not argue that the Government refused to make a Rule 35(b) motion for unconstitutional reasons. *See Wade v. United States*, 504 U.S. 181, 185–86 (1992) ("[W]e hold that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive.").